Per Curiam.
The bill being entitled of January term generally, the action was, by fiction of law, deemed to have been commenced as of the first day of that term. But this being fiction merely, it is made to yield to justice and the truth of the case. Bills against attorneys may be filed in vacation, and the suit is, in fact, commenced only from the filing of the bill, which was in this case after the cause of action arose; and as this was shown upon the trial, the verdict was proper, and the plaintiff is entitled to recover. The cases of Guy v. Kitchiner, (2 Stra. 1271.) and of Morris v. Pugh, (3 Burr. 1241.) are to this effect. In those cases the plaintiff was allowed to show when the cause of action arose, and that in opposition to the memorandum. If the true time of purchasing the note had been set forth in the bill, unaccompanied with a special memorandum of the time of filing it, the bill would have been bad on special demurrer; but even then the court would have allowed the plaintiff to amend the caption of the bill. (Lowry v. Lawrence, 1 Caines' Rep. 69. Dodsworth v. Bowen, 5 Term Rep. 325.)
Judgment for the plaintiff, (a)

 See 3 Johns. Rep. 42. Ante, p. 119.